# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-0133 |
| VS. | JUDGE TERRY A. DOUGHTY |
| DION PAUL BARNES | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is a "Motion to Set Aside, Modify, or Correct Sentence," [doc # 212], filed by Defendant Dion Paul Barnes ("Movant") on September 16, 2019, under 28 U.S.C. § 2255. For reasons stated below, the motion is denied.

## Background

On June 15, 2015, Movant was arrested for violating 18 U.S.C. §513, "Counterfeit Securities of the States and Private Entities." [doc. # 7]. On June 24, 2015, a federal grand jury indicted Movant on forty-nine counts of knowingly making and possessing "counterfeited securities of an organization affecting interstate commerce with the intent to deceive another person and organization . . . ." [doc. # 16]. On August 26, 2015, a federal grand jury returned a superseding indictment, adding a charge that Movant knowingly and willfully combined, conspired, confederated, and agreed with others "to commit an offense against the United States, that is the Defendants knowingly made, possessed, and uttered counterfeit securities of an organization, in violation of" 18 U.S.C. § 513. [doc. # 45].

On February 23, 2016, Movant pled guilty to Count One of the Superseding Indictment,[1] Magistrate Judge Karen L. Hayes recommended that the Court accept Movant's guilty plea,[2] and

---

[1] [doc. # 134].

[2] [doc. # 137].

the Court then accepted Movant's guilty plea.³ On July 5, 2016, the Court imposed, *inter alia*, the following sentence:

> Dion Paul Barnes aka Douglas M. Barnes aka Christopher Singleton aka Terrell Rios aka Myron Brooks, is committed to the custody of the Bureau of Prisons for a term of 60 months on Count One. The defendant shall make restitution payable to the U.S. Clerk of Court on behalf of the victims in the amount of $24,153.46. Of this amount, only $2,274.73 shall be jointly and severally with April M. Augustine and Barbara J. Island, immediately. The Court will waive the interest and penalty requirements in this case.
>
> Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on Count One.

[doc. # 163].

Movant filed a notice of appeal on July 18, 2016. [doc. # 170]. In his appeal, he argued that "the Government breached its agreement to recommend a third-level reduction in his offense level for acceptance of responsibility and to permit him to freely litigate the loss amount attributable to him." [doc. # 191]. On May 2, 2017, the United States Court of Appeals, Fifth Circuit, affirmed this Court's judgment. [doc. # 191].

Movant filed the instant motion on September 16, 2019. [doc. # 212, p. 4]. He maintains that he is Kevellis Cassinelli⁴ and that the United States Probation Officer erred, in the pre-sentence investigation report ("PSR"), in concluding that Movant is Dion Paul Barnes. He claims that, because the Court relied on an inaccurate PSR when sentencing him, the Court violated his "due process right." *Id.* at 3.

Movant also claims that the identity error caused others to lodge multiple detainers against him "from agencies looking for Dion Barnes . . . ." *Id.* at 3. The detainers were

---

³ [doc. # 140].

⁴ This name is, alternatively, spelled "Kevellis Cassnelli." [doc. # 20, p. 2].

eventually "dropped." *Id.* He claims that the alleged error also resulted in him "being housed at a medium security prison" where he is deprived of "specific programming and educational programs which would otherwise be offered with a CORRECT sentencing memorandum . . . ." *Id.* He adds that, due to the alleged error, he is unable to participate in the "Residential Drug Abuse Program." *Id.*

He claims further that the alleged error in identity caused "the Bureau of Prisons to recalculate his release date from October 29, 2018, to March 23, 2020[,] which is 97% of the 60 month sentence imposed, not the 85% intended by Judge James and provided by the First Step Act of 2018." *Id.* Finally, he claims: "because the Bureau of Prisons is unsure how to proceed with possible public law placement due to Homeland Security detainer, [he] will remain in custody until transferred to DHS custody, only to be met with the possibility of spending 18 months or longer in an immigration detention facility in Conroe, Texas." *Id.*

Movant asks the Court to order his immediate release from the Federal Bureau of Prisons and to "allow him to be transferred into the custody of ICE, where removal proceedings can commence." *Id.* at 4.

## **Law and Analysis**

Section 2255 petitions are subject to a one–year period of limitation period that "run[s]" from the latest of four different triggering events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could
have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Movant does not argue, and nothing suggests, that triggering events (2), (3), or (4) apply. Under subsection (1) above, judgments become final "when the time expires for filing a petition for certiorari contesting an appellate court's affirmation of the conviction." *Clay v. U.S.*, 537 U.S. 522, 525 (2003).

Here, the United States Court of Appeals, Fifth Circuit, affirmed this Court's judgment on May 2, 2017. [doc. # 191]. Movant had ninety days to petition the United States Supreme Court for certiorari. U.S. SUP. CT. R. 13. Movant did not, however, pursue further review before the United States Supreme Court. Thus, his judgment of conviction became final on July 31, 2017.

Movant then had one year from July 31, 2017, or until July 31, 2018, to file a motion under 28 U.S.C. §2255. Movant filed the instant motion, at the earliest, on September 16, 2019.[5] Accordingly, absent equitable tolling, this motion is untimely.

"The one-year limitations period of the AEDPA is a statute of limitations that is not jurisdictional and is therefore subject to equitable tolling." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). "Equitable tolling is permissible only in 'rare and exceptional circumstances.'" *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). It "applies

---

[5] Movant asserts that he placed this motion in the "institutional mail system on this 16th day of September 2019." [doc. # 212, p. 4]. Under RULE 3 OF THE RULES GOVERNING § 2255 PROCEEDINGS, "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." See also *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system.").

principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). "Unfamiliarity with the legal process does not justify equitable tolling." *United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010).

A movant seeking the benefit of equitable tolling "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007).

Here, Movant does not ask the Court to toll the period of limitation, and he does not present any circumstances which would warrant equitable tolling.

## **Conclusion**

For the foregoing reasons, Movant Dion Paul Barnes' "Motion to Set Aside, Modify, and/or Correct Sentence," [doc. # 212], is **DENIED AND DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 25th day of November, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE